759 So.2d 848 (2000)
James ARWOOD
v.
J.P. & SONS, INC. & L.W.C.C.
No. 99-CA-1146.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
Fernand L. Laudumiey, III, New Orleans, LA, for Plaintiff-Appellant.
Jeffrey J. Warrens, Baton Rouge, LA, for Defendant-Appellee.
(Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and THOMAS F. DALEY).
DUFRESNE, Judge.
This appeal by the claimant in this workers' compensation case raises the issue of whether his second claim was properly dismissed pursuant to an exception of res judicata. For the reasons set forth herein, we affirm.
James Arwood injured his back in the course and scope of his employment in April of 1993 when he lifted a manhole cover. As a result of his injury, he began treatment with an orthopaedist and underwent two surgeries. Although Arwood received benefits for these physical injuries, he subsequently claimed that a mental injury *849 also resulted from the accident. Specifically, he maintained that he was undergoing psychotherapy for depression and chronic pain as a result of the back injury and he made a claim for those injuries. Arwood was referred to Dr. Gerald Murphy for treatment of his mental condition. The employer initially paid Dr. Murphy's bills, but stopped payments when it was discovered that Dr. Murphy had a Ph.D. in social work. Arwood did not dispute the withdrawal of the authorization to pay Dr. Murphy, but claimed that the bills up to the date of the withdrawal should be paid.
The matter subsequently went to trial on the issue of claimant's mental condition. After considering the evidence presented, the workers' compensation judge, on March 18, 1998, rendered judgment in favor of the defendants and against the claimant. The judge found that "claimant forfeited any and all benefits to which he may have been entitled by violating LSA-R.S. 23:1208," and further found that "claimant failed to prove by clear and convincing evidence that his mental state was, more probably than not, causally related to the alleged injury." From this judgment, Mr. Arwood appealed.
On March 10, 1999, this court affirmed the decision of the workers' compensation judge. In the opinion, a panel of this court expressed its agreement with the determination of the trial judge that Mr. Arwood did not meet his burden of proof that his psychological problems were causally related to his accident. This court stated that, "It is clear from the record that Mr. Arwood's emotional and psychological problems are long term, and did not develop as a result of the accident in which he injured his back." Based on this determination, the panel pretermitted discussion of whether the trial judge erred in finding that claimant forfeited any and all benefits to which he may have been entitled by violating LSA-R.S. 23:1208. See Arwood v. J.P. & Sons, Inc. & L.W.C.C., 98-1102 (La.App. 5 Cir. 3/10/99), 730 So.2d 525.
Mr. Arwood subsequently filed a request for rehearing, complaining that this court erroneously failed to address his assignment of error relating to the judge's finding that he violated LSA-R.S. 23:1208. This court refused Arwood's application for rehearing. He then filed a writ application with the Louisiana Supreme Court which was also denied.
In the meantime, based upon the trial judge's March 18, 1998 judgment, the payment of workers' compensation benefits was terminated on or about March 30, 1998. Thereafter, in March of 1999, Mr. Arwood filed a second claim for compensation with the Office of Workers' Compensation, disputing the termination of benefits and asserting his entitlement to additional benefits. In response to this claim, the defendants filed an exception of res judicata, pointing to the finality of the judgment rendered in Arwood's first claim. Following a hearing, the judge granted the defendants' exception of res judicata. It is from this judgment that Mr. Arwood now appeals.
In his appellate brief, Mr. Arwood contends that the doctrine of res judicata should not apply because the same relief was neither sought nor litigated in both claims. Specifically, he asserts that his first claim was for benefits for mental care and that his second claim was for weekly indemnity and physical injury care benefits which were terminated based on the March 18, 1998 judgment which found that the claimant violated the provisions of LSA-R.S. 23:1208, and thus, forfeited his right to benefits. Mr. Arwood further argues that exceptional circumstances exist which would preclude the application of res judicata.
Effective January 1, 1991, the legislature amended the article governing res judicata and adopted the principle of issue preclusion. LSA-R.S. 13:4231, which sets forth the doctrine of res judicata, provides, in pertinent part, as follows:

*850 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The legislature found the civil law definition of res judicata too narrow and specifically amended the statute "to fully implement the purpose of res judicata which is to foster judicial efficiency and also to protect the defendant from multiple law suits." LSA-R.S. 13:4231, comment (a). The adoption of issue preclusion, a principle heretofore rejected by our civilian system, was seen by the legislature as serving "the interests of judicial economy by preventing relitigation of the same issue between the same parties." LSA-R.S. 13:4231, comment (b). Oliver v. Dept. of Public Safety and Corrections, 95 1232 (La.App. 1 Cir. 2/23/96), 669 So.2d 570.
In the present case, Mr. Arwood filed a second claim disputing the termination of his benefits. These benefits were terminated based on the March 18, 1998 judgment of the workers' compensation judge which found that he forfeited any and all benefits to which he may have been entitled by violating LSA-R.S. 23:1208. The issue relating to the forfeiture of rights was already litigated and addressed by the trial judge in Mr. Arwood's first claim that he filed relating to his mental problems. The claimant appealed the March 18, 1998 judgment relating to his first claim. Although this court did not specifically discuss the claimant's forfeiture of benefits pursuant to LSA-R.S. 23:1208, we did affirm the judgment of the trial court. We denied Mr. Arwood's request for rehearing, and the Louisiana Supreme Court denied his writ application. In his second claim, Mr. Arwood is attempting to raise the same issue that was addressed, litigated, and finalized in his initial claim. As such, we find that the trial judge did not err in granting the defendants' exception of re judicata.
In this appeal, Mr. Arwood also asserts that "exceptional circumstances" exist which would preclude the application of res judicata. The focus of this argument in his appellate brief is this court's failure to specifically address and evaluate the forfeiture issue in its March 10, 1999 opinion. He claims that in essence he was denied all benefits without the issue of forfeiture ever being reviewed by an appellate court.
LSA-R.S. 13:4232 sets forth exceptions to the doctrine of res judicata. It provides, in pertinent part, that a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment. This provision gives the court discretion to grant relief from the judgment for exceptional circumstances. This discretion is necessary to allow the court to balance the principle of res judicata with the interests of justice. This discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated. Spear v. Prudential Property & Casualty Ins. Co., 98-1663 (La.App. 4 Cir. 1/13/99), 727 So.2d 640. We do not find that such exceptional circumstances exist in the present case. As noted previously, the issue of forfeiture based on LSA-R.S. 23:1208 was already addressed by the trial judge. Although this court did not specifically discuss the issue, we did affirm the judgment of the trial judge.
Based on the reasons set forth herein, we affirm the judgment of the workers' compensation judge which granted the defendants' exception of res judicata.
AFFIRMED.