860 So.2d 156 (2003)
Leroy LEWIS
v.
Kenton HILL and National Remodeling Center, LLC.
No. 03-CA-623.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2003.
*157 Malinda Hills-Holmes, Kenner, LA, for Leroy Lewis, Plaintiff-Appellant.
John W. Robinson, Gretna, LA, for Kenton Hill and National Remodeling Center L.L.C., Defendants-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On September 24, 1999, the plaintiff, Leroy Lewis, filed a "Petition for Damages for Breach of Contract" against the defendants, Kenton Hill and National Remodeling Center, L.L.C. ("NRC"). Mr. Lewis filed an Amended Petition for Damages on January 11, 2000. Kenton Hill filed an exception of no right or cause of action, and NRC filed exceptions of lack of subject matter jurisdiction and/or prematurity. A hearing on the exceptions was held on January 31, 2000. The trial court granted Mr. Hill's exception of no cause of action and NRC's exception of prematurity, and the plaintiff's lawsuit was dismissed. The plaintiff appealed the trial *158 court's ruling on each exception and, on March 14, 2001, this Court affirmed the judgment of the trial court.[1]Lewis v. Hill, 00-1608 (La.App. 5 Cir.3/14/01), 793 So.2d 573 (unpublished opinion).
On September 13, 2001, the plaintiff filed a second "Petition for Damages for Breach of Contract." The defendants filed exceptions of res judicata, prematurity, insufficient citation and service of process, and no right and/or cause of action. A hearing on these exceptions was held on February 6, 2002, and the trial court granted the exception of res judicata and dismissed the plaintiff's lawsuit against both defendants. It is from this judgment that the plaintiff, Leroy Lewis, appeals.

DISCUSSION
On appeal, the plaintiff contends that the trial court erred in sustaining the defendants' exception of res judicata based on the plaintiff's former lawsuit being dismissed on an exception of prematurity. The defendants filed an answer to the appeal asserting that the plaintiff's appeal is frivolous and seeking damages, attorney fees, and costs.
In this suit and the prior suit, the plaintiff asserts that he entered into a contract with the defendants on April 5, 1999, under which the defendants agreed to renovate the plaintiff's home for a total cost of $23,000.00. Mr. Lewis mortgaged his property through First Personal Mortgage and Lending, which is owned and/or managed by Kenton Hill. The plaintiff alleges that he paid $16,500.00 to the defendants and vacated his home in order for the renovations to take place, but the defendants did not perform the renovation work. Mr. Lewis seeks reimbursement of the $16,500.00 that he paid to the defendants, rental and storage fees, attorney fees, and costs.
The contract between the plaintiff and the defendants provides in pertinent part:
In the event of a dispute, in reference to the quality of work, material, or worksmanship, both parties agree to binding arbitration through the Better Business Bureau.
The trial court dismissed the plaintiff's first lawsuit against NRC on an exception of prematurity, because the parties did not pursue arbitration in accordance with the contract. On appeal, this Court agreed and found that the dispute between the parties was subject to the arbitration agreement set forth in the contract. In the exceptions in present case and on appeal, the defendants assert that the doctrine of res judicata applies in this case, because the claims in the present lawsuit are identical to the claims that were dismissed in the plaintiff's previous lawsuit against these defendants. We agree.
The purpose of the doctrine of res judicata is to promote judicial efficiency and to protect the defendant from multiple lawsuits. Arwood v. J.P. & Sons, Inc. et al., 99-1146 (La.App. 5 Cir.2/29/00), 759 So.2d 848, 850. LSA-R.S. 13:4231 sets forth Louisiana's law on res judicata, and it provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive *159 between the same parties, except on appeal or other direct review, to the following extent:
1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Pursuant to LSA-R.S. 13:4231, a second action is barred when it arises out of the transaction or occurrence that was the basis of the prior suit. Roland v. Owens, 00-1846 (La.App. 5 Cir.4/24/01), 786 So.2d 167, 169, writ denied, 01-1500 (La.8/31/01), 795 So.2d 1213. Once a court decides an issue of fact or law that is necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Id. at 169-170; Hudson v. City of Bossier, 33,620 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, 743, writ denied, 00-2687 (La.11/27/00), 775 So.2d 450.
In both of the plaintiff's lawsuits against the defendants, he has sought damages for breach of the April 5, 1999 contract between the parties. There is no dispute that both suits arose out of the same transaction, and that the parties in both suits are identical. The thing demanded is the same, the parties are the same, and the cause of action is the same. However, the plaintiff argues that his claims are not precluded in this case, because NCR was dismissed from the original suit pursuant to an exception of prematurity, which only retards the progress of an action but does not defeat it. He asserts that a party may bring the action again in due time when it is no longer premature. Mr. Lewis contends that this lawsuit is no longer premature because the "defendants" have failed to seek arbitration of this dispute, even after the court upheld their right to do so.
Prematurity raises the issue of whether a cause of action has not yet come into existence because some prerequisite condition is unfulfilled. Bridges v. Smith, 01-2166 (La.App. 1 Cir.9/27/02), 832 So.2d 307, 310, writ denied, 02-2951, (La.2/14/03), 836 So.2d 121. However, the procedural posture of this case is the same as it was when the original suit was dismissed on the grounds of prematurity, and the "prerequisite condition," namely arbitration, has not been fulfilled. The plaintiff filed suit against the defendants a second time without first going to arbitration as required by the contract.
At the hearing on the exceptions in the present case, the trial court asked counsel for the plaintiff if the plaintiff had initiated arbitration proceedings prior to filing the present lawsuit. Counsel for the plaintiff replied, "we pursued other avenues to try to get this thing done." She further stated, "[the defendant] should be the one to go get the arbitrator ..." However, it is Mr. Lewis who filed suit against the defendants and, pursuant to the contract, he was required to resolve a dispute arising from the contract through arbitration, not through filing suit in court. If, as Mr. Lewis argues, the defendants have refused to submit to arbitration, LSA-R.S. *160 9:4203 provides that "the party aggrieved" by the failure or refusal of another to perform under a written arbitration agreement may petition the court for an order directing that arbitration proceed as provided for in the agreement. The plaintiff has not sought an order from the trial court ordering arbitration. Rather, the plaintiff filed a duplicitous lawsuit, without first attempting to arbitrate the matter.
Considering the matter before us, we find that the trial court was correct in granting the defendants' exception of res judicata and dismissing the plaintiff's suit at his costs, because the issues set forth in the plaintiff's petition have already been dismissed in the previous lawsuit on the grounds of prematurity due to the plaintiff's failure to arbitrate the matter in accordance with the contract.[2] The circumstances at the time of this suit are no different than at the time of the original suit because the plaintiff has not gone to arbitration or sought an order from the trial court compelling arbitration. Although we find that this matter should be dismissed on the grounds of res judicata based on the plaintiff's failure to pursue arbitration, this ruling does not address or affect the merits of the plaintiff's case.

DECREE
For the reasons set forth above, we affirm the judgment of the trial court, sustaining the defendants' exception of res judicata and dismissing the plaintiff's lawsuit against the defendants, Kenton Hill and National Remodeling Center, L.L.C. In accordance with the defendants' request and pursuant to LSA-C.C.P. art. 2164, we order all costs of this appeal to be paid by the plaintiff/appellant, and we award $1,500.00 in attorney fees to the defendants.
AFFIRMED.
NOTES
[1] The record in this case does not contain the first Petition for Damages, which was filed in the original lawsuit on September 24, 1999. Ordinarily, in order to determine whether res judicata bars an issue, the court should examine both the pleadings and the entire record in the first suit. See Ken Lawler Builders, Inc. v. Delaney, 36,865 (La.App. 2 Cir.3/5/03), 840 So.2d 672, 674-675. However, the parties do not dispute that the allegations in the petitions are the same. Rather, the plaintiff argues that he filed suit a second time because the "defendants" did not go to arbitration. Therefore, we find that the record contains sufficient information to determine the issues in this appeal.
[2] The plaintiff did not assign as error the trial court's granting the exception of res judicata based on the dismissal of Kenton Hill in the first lawsuit on the grounds of no cause of action. However, in his appeal brief, Mr. Lewis contends that he has a cause of action against Kenton Hill. In the first lawsuit, the trial court found that the plaintiff did not state a cause of action against Mr. Hill personally. The trial court's determination of this issue has already been upheld by this Court on appeal. Accordingly, the plaintiff's claims against Kenton Hill are barred by res judicata as well.