889 So.2d 1284 (2004)
Deborah M. SMITH
v.
The PARISH OF JEFFERSON, Marla Redmann, Wife of/and Lawrence Daniel Garvey.
No. 04-CA-860.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 2004.
Rehearing Denied January 20, 2005.
*1285 Stephen D. Marx, Metairie, Louisiana, for Plaintiff/Appellant.
Scott C. Dusang, Thomas G. Wilkinson, Nicole M. Tomba, Jefferson, Louisiana, for Defendant/Appellee.
Thomas P. Anzelmo, Sr., Andre J. Lagarde, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
The plaintiff, Deborah M. Smith ("Smith"), appeals from two judgments rendered by the trial court, granting exceptions of res judicata, no right of action, and no cause of action filed by the defendants, Jefferson Parish, Marla Redmann Garvey, and Lawrence Garvey ("the Garveys"). For the reasons which follow, we affirm the judgment granting the exception of res judicata, and we pretermit any discussion regarding the exceptions of no right of action and no cause of action.

FACTS AND PROCEDURAL HISTORY
Deborah Smith is currently the owner of a parcel of land, referred to as A-1, on West Oakridge Park in Metairie, Louisiana. This parcel adjoins another parcel of property, referred to as A-2, which is owned by the Garveys and which has no frontage on West Oakridge Park. A third lot, referred to as A-17, is adjacent to and south of A-2, and it fronts West Oakridge Park. Lot A-17 was previously owned by the Garveys, but is now allegedly owned by their daughter. Because lot A-2 does *1286 not have any frontage on West Oakridge Park, there is no direct access from A-2 to the street. Rather, in order to access lot A-2 from the street, the Garveys must cross a triangular parcel of property owned by Jefferson Parish that is located in front of Ms. Smith's property or alternatively, they must cross over lot A-17.
In 1995, the owner of lot A-2 at that time, Mr. Eugene John Gibert, III, filed a mandamus action against Jefferson Parish, seeking a permit from the parish authorities allowing construction of a driveway across a triangular portion of Jefferson Parish's property in front of lot A-1 in order to access lot A-2. At that time, lot A-1 was owned by Dr. and Mrs. Thomas Kennedy, and the Kennedys opposed construction of the driveway in front of their home. After trial on the merits, the trial judge rendered a judgment in favor of Mr. Gibert, ordering the Director of Engineering for Jefferson Parish to issue a permit authorizing construction of a driveway over the triangular portion of property owned by Jefferson Parish, but located in front of the Kennedys' property.
In 2001, the Garveys purchased lot A-17 from Mr. and Mrs. Walter Seaman, and in January of 2002, the Garveys purchased the adjacent lot, A-2, from Mr. Gibert. In October of 2002, Deborah Smith purchased lot A-1 and the improved residential real property at that location. The Garveys allegedly sold lot A-17 to their daughter in May 2003. On June 9, 2003, the Garveys submitted an application to Jefferson Parish seeking a permit to construct a home on their property, lot A-2. Jefferson Parish issued the requested permit.
On January 9, 2004, Deborah Smith filed a Petition for Declaratory Judgment and Injunctive Relief, seeking a judgment ordering Jefferson Parish to withdraw or amend the building permit issued to the Garveys to the extent that it allows construction of the Garveys' driveway over property owned by Jefferson Parish but located in front of Ms. Smith's property, and permanently enjoining the Garveys from constructing their driveway in front of Ms. Smith's property. On February 13, 2004, the Garveys filed exceptions of no cause and no right of action, which were later adopted by Jefferson Parish. On April 12, 2004, Jefferson Parish filed an exception of res judicata, which was later adopted by the Garveys. A hearing was held on April 23, 2004, and the trial judge sustained the exceptions of res judicata, no cause of action, and no right of action, but allowed Ms. Smith fifteen (15) days to amend her petition to state a cause of action. The trial judge signed a judgment granting the exceptions of no cause of action and no right of action on May 3, 2004, and she signed a judgment granting the exception of res judicata and dismissing the plaintiff's lawsuit on May 25, 2004. It is from these two judgments that the plaintiff, Deborah Smith, appeals.

DISCUSSION
On appeal, Ms. Smith asserts the following three (3) assignments of error:
1) The trial court erred in sustaining the Exception of Res Judicata filed by the Parish and adopted by the Garveys.
2) The trial court erred in sustaining the Garveys' Exception of No Cause of Action.
3) The trial court erred in sustaining the Garveys' Exception of No Right of Action.
Louisiana's law on res judicata is set forth in LSA-R.S. 13:4231 as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

*1287 1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Under LSA-R.S. 13:4231, the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action. Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049, 1053. Once a court decides an issue of fact or law that is necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Lewis v. Hill, 03-623 (La.App. 5 Cir. 10/28/03), 860 So.2d 156, 159, writ denied, 03-3261 (La.2/6/04), 865 So.2d 734.
Ms. Smith contends that the trial court erred in granting the defendants' exception of res judicata, because the facts and circumstances surrounding the properties have significantly changed since Ms. Smith's predecessor in title, the Kennedys, litigated a similar issue with the Garveys' predecessor in title, Mr. Gibert. She contends that the Garveys purchased lot A-17, which would allow them to access to West Oakridge Parkway from lot A-2, and she argues that the sale of this lot to their daughter was a "sham." She further argues that the exception of res judicata should have been denied, because neither Ms. Smith nor the Garveys were parties to the prior litigation. The Garveys and Jefferson Parish respond that the trial court's ruling was correct, because the issue of the location of the driveway has already been litigated. They further aver that the parties in the instant lawsuit are successors in title to the parties in the prior litigation and are considered the same parties under the law.
In order for the doctrine of res judicata to apply, there must be "identity of parties." However, this prerequisite only requires that the parties be the same in the legal sense of the word. Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P., 01-612 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, 167, writs denied, 02-338 and 02-341 (La.4/12/02), 813 So.2d 410. There exists an identity of parties whenever the same parties, their successors, or others appear, as long as they share the same quality as parties or there is privity between the parties. Five N Company, L.L.C. v. Stewart, 02-181 (La.App. 1 Cir. 7/2/03), 850 So.2d 51, 61. "Privity" is the successive relationship to the same right of property, such as when one acquires an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, purchase, or assignment. Id.
In the present matter, Ms. Smith purchased lot A-1 and the residential property located on it from the Kennedys and there is a successive relationship to the same right of property. Further, the Garveys are the legal successors to Mr. Gibert and thus, the same parties in the legal sense of the word, because the Garveys purchased lot A-2 from Mr. Gibert. Accordingly, we find that the "identity of *1288 parties" requirement has been met in this case.
Ms. Smith also argues that the doctrine of res judicata does not apply when facts and circumstances have changed since the rendition of the judgment in the prior case, and she cites Campbell v. Gullo, 142 La. 1082, 78 So. 124 (1918) in support of her position. However, the law on res judicata has changed substantially since 1918 and "identity of circumstances" is not a requirement for the application of res judicata.
In 1991, the legislature amended LSA-R.S. 13:4231 and adopted the principle of issue preclusion, which serves the interest of judicial economy by preventing relitigation of the same issues between the same parties. Roland v. Owens, 00-18 (La.App. 5 Cir. 4/24/01), 786 So.2d 167, 170, writ denied, 01-1500 (La.8/31/01), 795 So.2d 1213. Under issue preclusion, as stated above, once a court decides an issue of fact or law that is necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Lewis v. Hill, supra.
In her original petition, Ms. Smith requests an order from the trial court ordering Jefferson Parish to withdraw or amend the building permit issued to the Garveys to the extent that it allows construction of a driveway over parish property located in front Ms. Smith's property and enjoining the Garveys from constructing a driveway in that location. We note that the only permit issued to the Garveys is dated June 9, 2003, and it allows them to build on the Garveys' property, lot A-2, not parish property.[1] However, the transcript of the hearing on the exceptions, as well as the plaintiff's "First Supplemental and Amended Petition for Declaratory Judgment and Injunctive Relief,"[2] indicate that the issue in dispute is whether the driveway should be allowed over parish property in conformity with the 1999 permit, not whether the Garveys should be allowed to build on their property or any other issues arising from the 2003 permit.
In the previous litigation between Mr. Gibert and the Kennedys, the trial judge considered the issue of whether the owner of lot A-2 should be allowed to construct a driveway on parish property in front of lot A-1, in order to access lot A-2. In the July 9, 1999 judgment, the trial judge ordered Jefferson Parish to issue a permit for the configuration of a driveway on this parcel of land. In a letter dated August 10, 1999, Jefferson Parish issued a permit to Mr. Gibert allowing construction of a "portland cement concrete driveway, 6 inches thick, from West Oakridge Parkway to Lot A-2." It is undisputed that at least a driveway apron had been constructed and was present when Ms. Smith purchased her property.
The issue of whether the owner of lot A-2 should be allowed to construct a driveway on parish property in front of lot A-1 has previously been litigated and decided. Accordingly, to the extent that Ms. Smith wants to relitigate issues regarding the *1289 issuance of the 1999 permit or placement of the driveway, such litigation is precluded under the doctrine of res judicata.
Accordingly, we find that the trial court was correct in granting the defendants' exception of res judicata and dismissing the plaintiff's claims against them. Considering our decision that the exception of res judicata was properly granted, we find that the remaining assignments are moot, and we pretermit any discussion regarding those assignments.

DECREE
For the reasons set forth above, we affirm the decision of the trial court granting defendants' exception of res judicata. The remaining two assignments of error are moot.
AFFIRMED.
CANNELLA, J., concurs with reasons.
CANNELLA, J., concurs with reasons:
I concur in the result reached by the majority since the issue of whether the 1999 permit can be used to allow any addition to or extension of the driveway apron previously constructed has not yet been considered by the trial court and is not before us in this appeal. Additionally, the majority opinion does not preclude litigation of any issues that may arise regarding the 2003 building permit issued to the Garveys for construction on their property because they are not barred by res judicata since that permit was not previously the subject of any litigation.
REHEARING DENIED.
CANNELLA, J., concurs in the denial of rehearing.
I concur in the denial of the rehearing. Even without a remand order, any issue not previously considered in the district court remains pending and are to be litigated therein, as in any case in which a partial judgment has been rendered.
NOTES
[1] The 2003 building permit issued to the Garveys shows that the proposed construction would be contained within the property lines of lot A-2. Further, the permit reads: "NOTICE: THE SCOPE OF THIS APPLICATION REVIEW IS LIMITED TO THE PROPERTY AS ENCUMBERED ON THE SURVEY SUBMITTED. MUST CONTACT DEPT OF PUBLIC WORKS PRIOR TO CONSTRUCTION OR REPAIR OF SIDEWALKS, OR DRIVEWAY APRONS OR CURB CUTS." (Emphasis added.) Accordingly, it is clear that the permit issued to the Garveys does not encompass construction of a driveway on parish property.
[2] We note that the First Supplemental and Amended Petition was not filed until after the hearing on the exceptions and therefore, it was not before the trial judge at that hearing.