CLARENCE E. McMANUS, Judge.
 

 ^Plaintiff, Andrinika Austin, appeals from a judgment granting an exception of res judicata in favor of defendant, State Farm Automobile Insurance Company, and dismissing her suit. For the reasons that follow, we affirm the decision of the trial court.
 

 On February 13, 2003 plaintiff, who was then a minor, was injured in an automobile accident while a passenger in a vehicle being driven by Renard Markey. She was brought to St. Charles General Hospital for treatment.
 

 On June 9, 2005, Austin’s parents filed suit on her behalf against St. Charles General Hospital and her treating physician, alleging medical malpractice, and also against State Farm Automobile Insurance Company, for uninsured motorist coverage because Markey was uninsured at the time of the accident. On January 30, 2006, State Farm filed an exception of prescription, alleging that plaintiffs suit was filed more than two years after the accident and therefore was untimely. The trial court granted State Farm’s exception of prescription on June 28, 2006. On appeal, the trial court’s ruling was affirmed. See
 
 Austin v. State Farm Ins. Co.,
 
 06-808 (La.App. 5 Cir. 3/13/07), 956 So.2d 13,
 
 writ denied,
 
 07-0761 (La.6/1/07), 957 So.2d 178.
 

 |sOn April 17, 2007 plaintiff, having reached the age of majority, initiated the current proceedings with the filing of a petition for damages arising out of the February 13, 2008 accident. Plaintiff named as defendants Renard Markey and State Farm Automobile Insurance Company, her uninsured motorist liability carrier. State Farm filed an exception of res judi-cata, alleging that this action arose out of the same cause of action as plaintiffs prior suit, and was therefore barred under LSA-R.S. 13:4231. On January 10, 2008, the trial court granted State Farm’s exception of res judicata and dismissed plaintiffs suit with prejudice. This appeal followed.
 

 The doctrine of res judicata in Louisiana is set forth in LSA-R.S. 13:4231, as follows:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 The Louisiana Supreme Court has set forth five elements that must be satisfied
 
 *440
 
 for a finding that a second action is precluded by res judicata:
 

 (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
 

 Chevron
 
 U.S.A., Inc. v. State,
 
 07-2469 (La.9/8/08), 993 So.2d 187;
 
 Burguieres v. Pollingue,
 
 02-1385, (La.2/25/03), 843 So.2d 1049, 1053.
 

 Furthermore, the Louisiana Supreme Court has said that it “considers the ‘chief inquiry’ to be ‘whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action.’ ”
 
 Chevron, supra,
 
 citing
 
 Burguieres, supra
 
 at 1053. Once a court decides an issue of fact or law that is necessary to its judgment, that decision precludes reliti-gation of the same issue in a different cause of action between the same parties.
 
 Lewis v. Hill,
 
 03-623 (La.App. 5 Cir. 10/28/03), 860 So.2d 156, 159,
 
 writ denied,
 
 03-3261 (La.2/6/04), 865 So.2d 734.
 

 In this case, State Farm filed its exception of res judicata arguing that the instant suit arose out of the same cause of action against it (State Farm) as the previous suit. State Farm contends that the plaintiff in both suits is the same and in the same capacity, that it is a defendant in both suits and both suits demand the same thing, namely compensation of uninsured motorist benefits.
 

 With regard to the first two elements, there is no dispute that the first action was ended by a final, valid judgment. In addition, both suits request the same relief, namely uninsured motorist benefits, and this cause of action as asserted in the present suit existed at the time of the judgment in the first litigation, and arose out of the transaction or occurrence that was the subject matter of the first litigation.
 

 On appeal, plaintiff contends that the identity of the parties are not the same, because her parents sued on her behalf in the first suit, and she is the plaintiff in the present suit, and because Renard Markey, who was not named in the first suit, is a defendant herein.
 

 | sIn order for the doctrine of res judicata to apply, there must be “identity of parties.” However, this prerequisite only requires that the parties be the same in the legal sense of the word. There exists an identity of parties whenever the same parties, their successors, or others appear, as long as they share the same quality as parties or there is privity between the parties. “Privity” is the successive relationship to the same right of property, such as when one acquires an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, purchase, or assignment.
 

 Smith v. Parish of Jefferson,
 
 04-860 (La.App. 5 Cir. 12/28/04), 889 So.2d 1284, 1287.
 

 In the first suit, plaintiffs parents filed suit on her behalf, and in the second suit plaintiff filed suit on her own behalf. The real party in interest in both proceedings is plaintiff herself, and it is her rights and her interests that were placed at issue in both proceedings. The fact that plaintiffs parents pursued her interests in the first suit and she, herself, pursued those interests in the second suit does not defeat the exception of res judicata. See
 
 Smith v. LeBlanc,
 
 06-0041 (La.App. 1 Cir. 8/15/07),
 
 *441
 
 966 So.2d 66;
 
 O’Bannon for O’Bannon v. Azar,
 
 506 So.2d 522 (La.App. 1 Cir.1987),
 
 writ denied,
 
 511 So.2d 1158 (La.1987).
 

 Furthermore, State Farm was a named defendant in both suits as the uninsured motorist carrier for plaintiff, and therefore appears in the same capacity in both actions. Plaintiffs claim against State Farm was litigated, and found to be prescribed, in the previous suit. Plaintiff cannot now defeat State Farm’s exception of res judi-cata by the naming of additional defendants. Compare
 
 Johnson v. Lemons,
 
 157 So.2d 752 (La.App. 2 Cir., 1963).
 

 Accordingly, we find no error in the trial court’s judgment granting State Farm’s exception of res judicata, and that judgment is affirmed. All costs are assessed against plaintiff.
 

 AFFIRMED.