| | | |
|---|---|---|
| **JACK ADAMS** | * | **NO. 2019-CA-0247** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **RICK M. SUTTON** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-03907, DIVISION "L"
Honorable Kern A. Reese, Judge

* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome,
Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Kim M. Boyle
Rebecca Sha
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Gregory W. Kehoe
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602

      COUNSEL FOR PLAINTIFF/APPELLANT

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

Donald C. Douglas, Jr.
THE DOUGLAS LAW FIRM, LLC
1070 West Causeway Approach, Suite B
Mandeville, LA 70471

      COUNSEL FOR DEFENDANT/APPELLEE

**EXCEPTION GRANTED;**
**JUDGMENT REVERSED; REMANDED**

**OCTOBER 12, 2022**

This appeal arises from one of several lawsuits involving Jack Adams and Rick Sutton, in a protracted dispute over their failed business relationship and the control of two business entities, RJANO Holding, Inc. and Maison Royale, LLC.[1]

The instant appeal originates from a suit filed by Adams against Sutton in 2017. Adams alleged a claim of abuse of process, asserting that Sutton was improperly using legal processes to harass Adams and prolong litigation. In Adams' suit, Sutton filed an Application for a Writ of Quo Warranto and a Writ of

---

[1] The Adams/Sutton litigation includes six civil suits filed in Orleans Parish Civil District Court, all but two of which were allotted to different divisions of the district court. As explained in further detail below, four appeals and four writ applications, arising from four of the underlying civil suits, were lodged in this Court in 2019. The instant appeal, 2019-CA-0247, was submitted to this Court following oral arguments in August 2019. In December 2019, the appeal was submitted to a five-judge panel. While the instant appeal was pending, four writ applications and three more appeals arising out of the Adams/Sutton litigation were lodged in this Court. In January 2020, this Court *sua sponte* consolidated all four appeals and four writ applications. Due to the consolidation of multiple cases, new briefing orders were issued. Oral arguments were set for April 28, 2020, but continued without date due to the COVID-19 pandemic. Thereafter, the resetting of this consolidated matter was continued and delayed three more times due, respectively, to a stay of the matter, the closure of the Court due to Hurricane Ida, and a continuance requested on account of the health of lead counsel for Sutton. Oral arguments for the consolidated appeals and writs were held before the five-judge panel on May 20, 2022. After submission, upon further consideration, this Court ordered that the appeals be unconsolidated to address the issues presented in each with more precision and clarity.

1

Mandamus (collectively referred to herein as "Sutton's mandamus action"). In response, Adams filed exceptions of no cause of action, improper use of summary proceedings, improper cumulation of claims, improper joinder of parties, and prematurity.

Following a four day trial on Sutton's mandamus action, on December 7, 2018, the trial court (Div. "L") rendered judgment, granting and making peremptory Sutton's mandamus action; directing Adams to recognize Sutton's fifty-percent ownership interest in RJANO; and barring Adams from acting unilaterally on behalf of RJANO. The trial court denied all of Adams' exceptions.

Adams now appeals the December 7, 2018 judgment rendered by Div. L. In addition, Adams filed an exception of res judicata in this Court. For the reasons that follow, we sustain Adams' exception of res judicata, reverse Div. L's judgment granting Sutton's mandamus action, and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2011, Sutton and Adams entered into a business relationship for the purpose of leasing property at 501 Royal Street (the "Property") and operating a fine jewelry store and art gallery at that location. Sutton and Adams did not have a written partnership agreement or business plan, but the parties agreed to form two entities: RJANO, a corporation to lease the Property, and Maison Royale, an LLC to operate the store. By October 2014, the business relationship between Sutton and Adams had deteriorated; and, since then, Sutton and Adams have been locked in a series of lawsuits stemming from their failed business relationship.

2

In order of filing, we provide the following synopses of the Adams/Sutton lawsuits that preceded the instant suit[2]:

**"Breach of Contract" suit (Division "N")**

In November 2014, Sutton, individually and derivatively on behalf of RJANO and Maison Royale, filed a petition for breach of contract and damages, naming Adams, RJANO, and Maison Royale as defendants.[3] This Breach of Contract suit was allotted to Div. N.[4]

In this original suit, Sutton alleged that he and Adams agreed to form RJANO and Maison Royale; that "[u]nder the terms of the agreement entered into prior to incorporation" Adams would put up the financial cash needed and be permitted to take tax credits for the first year; and that "Adams was to handle all of the corporate and LLC paperwork." Sutton alleged that Adams failed to follow their business agreement, and, in 2014, that Adams effectively froze him out of the businesses, causing him financial losses for which he sought damages.[5]

Following several years of litigation, on April 26, 2019, Div. N rendered a final judgment granting Adams' peremptory exceptions of no right of action and res judicata and dismissing all claims against him, RJANO, and Maison Royale

---

[2] The third suit filed by Sutton against Adams is not included in this background. In May 2015, Sutton filed a petition for damages against Adams alleging acts of defamation. In February 2019, Adams filed a motion to dismiss on grounds of abandonment, which was denied by the trial court. On supervisory review, this Court granted Adams' writ, found that the Defamation suit was abandoned as a matter of law, and reversed the trial court's judgment. *Sutton v. Adams*, 19-0394 (La. App. 4 Cir. 5/29/19), 273 So.3d 1276. Thus, the defamation suit was dismissed as abandoned and is no longer part of the ongoing Adams/Sutton litigation.

[3] *Rick M. Sutton, Individually and Derivatively on behalf of RJANO Holdings, Inc. and Maison Royale, LLC v. Jack Adams, Maison Royale, LLC and RJANO, Inc.*, CDC No. 2014-10709.

[4] We note the Division of Orleans Civil District Court to which each case was allotted, because there are overlapping proceedings and conflicting judgments in these cases.

[5] Sutton also sought a preliminary injunction, enjoining Adams from preventing Sutton access to the Property, the books and the records of the business, and from preventing Sutton's ability to engage in and have knowledge of the business. On December 1, 2014, Div. N granted Sutton's preliminary injunction and the requested relief. But subsequently, on April 26, 2019, Div. N rendered judgment in favor of the named defendants, dismissed all claims against the defendants, and vacated its December 1, 2014 judgment.

with prejudice. Sutton's appeal of that judgment is the subject of this Court's opinion in 2019-CA-0992.

**"Wage Claim" suit (Division "D")**

In April 2015, Sutton filed a petition and rule to show cause against Adams and Maison Royale for alleged unpaid wages.[6] The Wage Claim suit, originally allotted to Div. B, was transferred to Div. D.[7]

In this suit, Sutton alleged he was an "employee-working partner" for Maison Royale, "contractually hired" by the defendants and paid regularly until October 2014, at which time Adams ceased paying Sutton any wages. Sutton sought back wages and penalties for defendants' bad faith refusal to pay Sutton.

On April 26, 2019, Div. D rendered judgment granting peremptory exceptions of no cause of action and no right of action filed by Adams and Maison Royale, and dismissing all of Sutton's claims against them with prejudice. Sutton's appeal of Div. D's April 26, 2019 judgment is the subject of this Court's opinion in 2019-CA-0975.

**"RICO" suit (Division "D")**

In November 2016, Sutton filed a petition for damages against Adams; Adams' father, Charles Adams; and Polly Point Imports Corp., alleging (1) violations of the Louisiana Racketeering Act ("RICO"); (2) violations of the Louisiana Unfair Trade Practices Act ("LUTPA"); (3) fraud and misrepresentation;

---

[6] *Rick Sutton v. Jack Adams and Maison Royale, LLC*, CDC No. 2015-03495.
[7] Defendants filed a motion to consolidate and transfer the Wage Claim suit with the Breach of Contract suit in Div. N, which was granted. Subsequently, Sutton filed a motion to unconsolidate the suits, which was granted; then, pursuant to a January 7, 2019 order, the Wage Claim suit was transferred to Div. D.

4

(4) breach of fiduciary duty; and (5) detrimental reliance (the "RICO suit").[8] The RICO suit was allotted to Div. D.

In this suit, Sutton claimed that Adams, his father, and Polly Point impermissibly sold jewelry in the Maison Royale store at "fire sale" prices, in violation of RICO and LUTPA statutes, through fraudulent means, and in breach of fiduciary duty to Sutton, thereby causing damages to Sutton. In response, Adams and the other defendants filed various exceptions.

On October 25, 2017, Div. D rendered judgment granting Adams' exceptions of no cause of action and no right of action as to Sutton's RICO claims, LUTPA claims, and breach of fiduciary duty claims; granting Adams' exception of no cause of action as to Sutton's claims of fraud and misrepresentation and detrimental reliance; and dismissing all of Sutton's claims against all named defendants with prejudice. On appeal, this Court affirmed the trial court's judgment and its dismissal of Sutton's RICO suit. *Sutton v. Adams,* 18-0196 (La. App. 4 Cir. 12/19/18), 318 So.3d 776. Thereafter, the Louisiana Supreme Court denied writs and Sutton's application for reconsideration. *Sutton v. Adams*, 19-346 (La. 4/22/19), 267 So.3d 1112, *reconsideration denied*, 19-00346 (La. 9/6/19), 278 So.3d 362.

**"Abuse of Process" suit (Division "L")**

On April 25, 2017, Adams filed the suit underlying this appeal,[9] alleging that Sutton committed abuse of process by: (1) filing the November 18, 2016 RICO suit against Adams, his father, and Polly Point in order to harass Adams and bring his family into the protracted litigation; and (2) filing a notice of lis pendens with

---

[8] *Rick Sutton v. Jack Adams, Charles Adams and Polly Point Imports Corp.*, CDC No. 2016-11427.
[9] *Jack Adams v. Rick M. Sutton*, CDC No. 2017-03907.

respect to the lease of the Property by RJANO, which was never recorded, in order to prevent Adams from subletting the Property. Subsequently, in a second amended and supplemental petition filed in May 2018, Adams asserted that he is the sole shareholder of RJANO.

In response to Adams' claim of sole ownership of RJANO, Sutton filed the mandamus action at issue in this appeal. Sutton demanded Adams show by what authority he claims to represent the interests of RJANO, and to establish the shareholders of RJANO. In addition, Sutton sought an order recognizing his fifty-percent ownership of RJANO and forbidding Adams to act unilaterally on behalf of RJANO.

The trial court, Div. L, held a four-day trial on Sutton's mandamus action and Adams' exceptions filed in opposition that concluded on November 8, 2018. On December 7, 2018, Div. L rendered judgment in favor of Sutton, ordering Adams to recognize Sutton's fifty-percent ownership of RJANO and prohibiting Adams from asserting any claim that he may act unilaterally for or on behalf of RJANO without a vote of all shareholders. The trial court also denied Adams' exceptions.

Adams now appeals the December 7, 2018 judgment of Div. L. In addition to his appeal of the trial court judgment, Adams filed in this Court a peremptory exception of res judicata, arguing that Sutton's mandamus action is precluded and must be dismissed, in light of the final and definitive judgment rendered in the RICO suit, affirmed on appeal in *Sutton v. Adams*, 18-0196 (La. App. 4 Cir. 12/19/18), 318 So.3d 776, *writ denied*, 19-346 (La. 4/22/19), 267 So.3d 1112, *reconsideration denied*, 19-00346 (La. 9/6/19), 278 So.3d 362 ("*Sutton I*").

6

## DISCUSSION

In his appeal, Adams raises eight assignments of error. But we pretermit discussion of those assignments of error, because we find that the exception of res judicata is dispositive of this appeal.

In the exception of res judicata filed in conjunction with his appeal, Adams asserts that Sutton's mandamus action is precluded under La. R.S. 13:4231 in light of the final judgment rendered in the RICO suit, by Div. D on October 25, 2017, and affirmed on appeal (the "RICO judgment").

Louisiana's res judicata statute, La. R.S. 13:4231, provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under the res judicata statute, a second action is precluded when all of the following five elements are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or

occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053.

Here, Adams contends that all of the requirements of res judicata are met and that the October 25, 2017 judgment in the RICO suit is both conclusive and preclusive. Adams asserts that the RICO judgment is valid and final; that the parties to the RICO suit and the mandamus action are the same; that the cause(s) of action asserted in the mandamus action existed at the time of final judgment in the RICO suit; and that the cause(s) of action asserted in the mandamus action arose out of the same transaction or occurrence that was the subject matter of the RICO suit.

We agree that the first two requirements of the statute, the existence of a valid and final judgment, are met. For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. *Burguieres*, 02-1385, p. 8, 843 So.2d at 1053. Likewise, for purposes of res judicata, a final judgment is one that disposes of the merits in whole or in part. *Id.* We find that the RICO judgment is valid.[10] With respect to the element of finality, we note that the RICO judgment was affirmed by this Court, and thereafter the Louisiana Supreme Court denied applications for *certiorari* and reconsideration. *Sutton I*, 18-0196, 318 So.2d 776,

---

[10] Sutton has challenged the validity of the October 25, 2017 judgment by filing a petition to annul that judgment, as well as a motion to declare that judgment a nullity, filed in the Abuse of Process suit in Div. L.

In a related appeal, this Court vacates the September 3, 2019 judgment, rendered by Div. L, granting Sutton's motion to declare the October 25, 2017 judgment an absolute nullity. *Adams v. Sutton*, 2019-1105, 2019-0796, 2019-0851 (La. App. 4 Cir. 10/12/2022), -- So.3d – ("*Adams II*"). In a separate writ opinion, this Court affirms the September 3, 2019 judgment, rendered by Div. D, transferring Sutton's Petition to Annul the October 25, 2017 judgment to Div. D. *Sutton v. Adams et al.*, 2019-0795, 2019-0845 (La. App. 4 Cir. 10/12/2022), -- So.3d – ("*Sutton II*"). We do not address the merits of Sutton's Petition to Annul, because the matter has not yet been heard in Div. D. Therefore, at this time, the October 25, 2017 judgment stands as valid and final.

*writ denied*, 19-346, 267 So.3d 1112, *reconsideration denied*, 19-00346, 278 So.3d 362. Thus, the RICO judgment rendered by Div. D is valid and final.

"The third requirement of res judicata is that the parties in both suits are the same." *Burguieres*, 02-1385, p. 8, 843 So.2d at 1053-54. In order for a second suit to be barred by the doctrine of res judicata, the parties must appear in the same capacities in both suits. Here, Sutton and Adams appear in the RICO suit and the mandamus action in their individual capacities. Thus, they are appearing in the same capacities, and they are, in fact, the same parties.[11]

The fourth element of res judicata is whether the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation. From a review of Sutton's mandamus action, the RICO suit petition and judgment, and this Court's opinion in *Sutton I*, we find that the causes of action raised in both actions existed at the time the RICO suit was filed in 2016 and, certainly, at the time the RICO judgment was rendered by Div. D. As discussed more in our review of the fifth element, the facts and allegations in the suits reveal that the cause of action asserted by Sutton's mandamus action existed at the time of the final judgment in the RICO suit. Thus, the fourth element is satisfied.

The fifth and "chief inquiry" for determining whether a finding of res judicata is appropriate is whether the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres*, 02-1385, p. 7, 843 So.2d at 1053. We now examine the factual basis for the causes of action asserted by Adams and Sutton in

---

[11] The fact that Charles Adams and Polly Point were additional defendants in the earlier RICO suit is of no moment. *See Dean v. Delacroix Corp.*, 12-0917, p. 5 (La. App. 4 Cir. 12/26/12), 106 So.3d 283, 287; *Austin v. Markey*, 08-381, p. 5 (La. App. 5 Cir. 11/25/08), 2 So.3d 438, 441 (finding plaintiff could not defeat the exception of res judicata by naming of additional defendants).

9

these two suits to determine whether they arose out of the same transaction or occurrence.

### *Sutton's RICO suit (Div. D)*

In the RICO suit, Sutton alleged the following causes of action: (1) violations of the Louisiana RICO Act; (2) violations of the LUTPA; (3) fraud and misrepresentation; (4) breach of fiduciary duty; and (5) detrimental reliance. The factual allegations underlying these causes of action are:

- In 2011, when Adams learned that Sutton intended to buy out his family art and jewelry business located in the French Quarter, Adams asked Sutton if he could be a partner in Sutton's planned business. Sutton agreed.

- Sutton and Adams agreed to form two entities: RJANO and Maison Royale. RJANO leased the property on Royal Street and Maison Royale operated the business.

- In October 2014, Adams told Sutton he was fired, and called the police to arrest him for trespassing.

- Adams changed the passwords in the business computers, had Sutton removed from all Maison Royale checking accounts, changed the alarm code and locks, had Sutton removed from the payroll, continued to sell merchandise owned by Sutton, misappropriated Maison Royale assets for his personal use, refused to allow Sutton access to business records, and altered business records to change sales payable to Sutton.

- In 2015, Adams fraudulently induced Sutton to enter into a settlement agreement, in which Sutton bought out Adams' share of the business for $2.8 million. One day after entering into the settlement agreement, Adams and his father brought $5 million worth of consignment jewelry from his father's New York store, and sold the jewelry at a "fire sale" with up to 70% discounts on items covered by the settlement agreement.

- Sutton learned that Adams, without telling him, had transferred a percentage of his interest in Maison Royale to Polly Point, solely owned by Adams.

***Adams' Abuse of Process suit and***
***Sutton's Mandamus action (Div. L)***

In 2017, Adams filed the instant lawsuit against Sutton alleging the following causes of action: (1) abuse of process; and (2) breach of fiduciary duty. The factual allegations underlying Adams' causes of action are as follows:

- In July 2011, Adams and Sutton, through a newly formed corporation, RJANO, acquired a lease on property located at 501 Royal in the French Quarter.

- The lease was never recorded in the public records of Orleans Parish.

- The leased property was used as a retail location for Maison Royale, which sold art and jewelry. Adams and Sutton were supposed to become business partners in Maison Royale.

- Sutton was unable to satisfy his business obligations, and in 2012, Sutton agreed to become a salaried employee with no ownership rights. In 2014, Sutton's employment was terminated and litigation ensued.

- In 2014, Sutton filed a petition for breach of contract and damages against Adams, alleging defamation and intentional infliction of emotional distress.

- In November 2016, Sutton filed the RICO suit alleging multiple business misdealings by Adams to harass him.

- After the parties entered into a settlement agreement in 2015, Sutton filed a motion to vacate the agreement and continued his practice of prolonging litigation.

- In 2017, Adams asked for Sutton's permission to sublet the vacant property. Sutton, however, intended to lease the property to a relative. Sutton filed a notice of lis pendens, even though the lease was not recorded, in order to "protect his lease interest."

- Sutton filed the notice of lis pendens to harass Adams, who owned 100% of RJANO, and prevent him from subletting the store.

- Sutton breached his fiduciary duty to Adams and RJANO by filing the notice of lis pendens to stop Adams from subleasing the Property.

- Sutton breached his fiduciary duty by "squandering" the sublease opportunity for himself.

In the instant lawsuit, Sutton responded by filing the mandamus action, which includes the following factual allegations:

- RJANO has two shareholders.

- Adams erroneously represented to the court that he is the sole shareholder of RJANO.

- Adams and Sutton are equal shareholders of RJANO, each owning 50% of the company's stock.

- Because there are no corporate documents of RJANO, consent of all shareholders is required for the corporation to take any action.

- Adams is purporting to act on behalf of RJANO, despite the lack of authority to act.

- Adams and Sutton are the two shareholders of RJANO, Adams and Sutton each individually own 50% of the shares of RJANO, and Adams is forbidden from acting or representing that he is authorized to act for, or on behalf of, RJANO.

Based on our review of the factual allegations underlying the causes of action for each action, we find that Adams' Abuse of Process suit and Sutton's mandamus action arise from the business agreement between Sutton and Adams and involve the formation and control of RJANO, specifically the authority to act on its behalf to control the lease of the Property and the operation of jewelry store and art gallery. The first suit—Sutton's RICO suit—arose from the same business agreement and dispute over control of the Property and operation of the store. Thus, the cause or causes of action asserted in Sutton's mandamus action arose out of the transaction or occurrence that was the subject matter of the RICO suit. We find that this satisfies the fifth requirement of res judicata.

Finding all five prerequisites for res judicata are met, we find the final judgment in the RICO suit precludes Sutton's mandamus action. Accordingly, we sustain Adams' exception of res judicata and we reverse the trial court's judgment making Sutton's mandamus action peremptory. Consequently, we pretermit discussion of the assignments of error raised in Adams' appeal.

## CONCLUSION

For the foregoing reasons, we sustain Adams' exception of res judicata, reverse the trial court's December 7, 2018 judgment making Sutton's mandamus action peremptory, and remand for further proceedings on Adams' abuse of process claims.

**EXCEPTION GRANTED;**
**JUDGMENT REVERSED; REMANDED**