710 So.2d 235 (1997)
Kenneth E. FORD, et al.
v.
MURPHY OIL, U.S.A., INC., et al.
Nos. 96-C-2913, 96-C-2917 and 96-C-2929.
Supreme Court of Louisiana.
October 10, 1997.
For majority opinion of the court, see 703 So.2d 542.

ON APPLICATION FOR REHEARING
PER CURIAM.[*]
Petitioner's application for rehearing is granted in part, otherwise denied. Case remanded to the trial court for consideration under La.C.C.P. Art. 593.1 of whether to "permit amendment of the pleadings in the action to permit maintenance thereof as an ordinary proceeding on behalf of parties expressly named therein." La.C.C.P. Art. 593.1(A).
REMANDED.
CALOGERO, C.J., subscribes to the majority action and assigning additional reasons.
CALOGERO, Chief Justice, subscribing to the majority's action and assigning additional reasons.
In their application for rehearing, plaintiffs seek "clarification" of this Court's dismissal of the class action petition. Specifically, plaintiffs' inquiry concerns whether, notwithstanding the dismissal of the class action, the individual claims of the named petitioners can proceed as an ordinary action. I agree with the majority that this matter should be remanded to the district court judge for consideration.
Louisiana Code of Civil Procedure article 593.1 expressly provides that "the action shall be dismissed" if the court finds that the action should not be maintained as a class action. However, article 593.1 further provides that "[t]he court may permit amendment of the pleadings in the action to permit maintenance thereof as an ordinary proceeding on behalf of parties expressly named therein." Thus, even though article 593.1 mandates the dismissal of "the action" where maintenance as a class action is inappropriate for whatever reason, the article contemplates some character of preservation of the individual claims of the named plaintiffs, at least in some cases, even after the dismissal. This presents an unusual circumstance, as generally when an action has been dismissed, there are no surviving pleadings to amend.
I write separately to emphasize that article 593.1 expressly sanctions this unusual circumstance by giving the district court judge the discretion to allow the pleadings to be amended even after dismissal of the action to permit the individual claims of the named plaintiffs to proceed as an ordinary action. Because these amended pleadings will relate back to the originally filed petition, prescription of the individual claims will not be an issue provided that the original petition was timely filed.
NOTES
[*] Lemmon, J., not on panel, recused. Rule IV, part 2, § 3.