JACHARLES R. JONES, Judge.
This matter is before us from the district court’s ruling in favor of defendant which granted their Motion to Rescind the court’s prior order permitting the filing of an amended class action. The court’s ruling dismissed the plaintiffs class action claim. We reverse.

FACTS

The facts of this case have been widely reported. See Ford v. Murphy Oil, U.S.A., Inc., 710 So.2d 235 (La.1997).
On remand from the Supreme Court with these instructions, “Petitioner’s application for rehearing is granted in part, otherwise denied. Case remanded to the trial court for consideration under La. C.C.P. Art. 593.1 of whether to ‘permit amendment of the pleadings in the action to permit maintenance thereof as an ordinary proceeding on behalf of the parties expressly named therein’. La. C.C.P. Art. 593.1(A).” Ford v. Murphy Oil, U.S.A., Inc., 710 So.2d 235 (La.1997). The district court allowed plaintiffs to file a seventh Supplemental and Amended Petition alleging a cause of action in a class action against only Murphy Oil. Murphy Oil was successful in rescinding the trial court’s ex parte order that [¡.permitted the plaintiffs to file this amended class action. It is from that Judgment that this appeal was taken.

DISCUSSION

By their lone assignment of error, the plaintiffs argue that the district court erred by granting Murphy’s Oil’s Motion to Rescind the court’s prior order permitting the filing of the amended class action petition. Appellants contend that the Supreme Court’s reversal of the class certification as to all of the defendants specifical *421 ly allowed for the filing of a “more limited class action”. Ford v. Murphy Oil, U.S.A., Inc., 96-2913, 26-2917, 96-2929 (La.9/9/97) 703 So.2d 542, 549. They further contend that the class action became limited when they filed their seventh Supplemental and Amended Petition disposing of three defendants and proceeding only against Murphy Oil.
Murphy Oil maintains that the Appellants have taken the language of the Supreme Court decision that permitted them to file a “more limited class action” out of context. Furthermore, they contend that the Supreme Court dismissed the plaintiffs case as a class action with specific instructions for the district court to consider whether to permit amendment of the pleadings in order to proceed as an ordinary action on behalf of the named individuals.
It is unmistakable that the decision of the Supreme Court dismissed the original suit as a class action and placed limitations on the district court as to how to allow the plaintiffs to proceed. This Court questions, however, why the Supreme Court relied upon La. C.C.P. Art 593.1 which was clearly repealed in July 1997 by Acts 1997, No. 839, § 2. It becomes debatable as to whether this was the proper procedural article in which to rely upon at the time of the Supreme Court’s decision. Nevertheless, this does not change the fact that the district court was Lgiven expressed direction to allow the pleading to be amended. Justice Calogero, in his concurrence in response to the request for clarification, states:
....593.1 expressly sanctions this unusual circumstance by giving the district court judge the discretion to allow the pleadings to be amended even after dismissal of the action to permit the individual claims of the named plaintiffs to proceed as an ordinary action. Because these amended pleadings will relate back to the originally filed petition, prescription of the individual claims will not be an issue provided that the original petition was timely filed.
Ford v. Murphy Oil U.S.A., Inc., 710 So.2d 235 (La.1997) (emphasis added).
The district court erred in granting the defendant’s Motion to Rescind the Order Permitting the Filing of an Amended Class Action. The clear language and instruction handed down by the Supreme Court is enough to conclude that the plaintiffs proceeded properly in filing their seventh Supplemental and Amended Petition. We agree that the class action petition was dismissed and remanded with specific instructions to proceed as an ordinary action on behalf of the named individuals.
The Supreme Court’s opinion specifically states that “decertification will not keep these plaintiffs out of court as individual actions, consolidated actions, or perhaps a more limited class action”, Ford v. Murphy Oil, 96-2917, 96-2929 (La.1997), 703 So.2d 542. The plaintiffs’ amended petition narrows the constituency of the class to only St. Bernard Parish residents. It narrows the defendants to only Murphy Oil, and the allegations of the class to include only the claims for damages arising from the aerial emissions from a single source, namely the Murphy Oil facility. These limitations comport with the directive of the Louisiana Supreme Court.
LThe district court allowed the plaintiffs to file an amendment to their pleading after the Supreme Court remanded the case. The plaintiffs proceeded properly and therefore the district erred when the court granted the defendant’s Motion to Rescind.
Appellees maintain that for this Court to even consider this appeal the doctrine of res judicata should apply. LSA-R.S. *422 13:4231 defines the doctrine of res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct.review, to the following extent: (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action. (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Appellees contend that this Court is bound by the two Supreme Court orders of September 9 and October 10, 1997. However, the issues before us are not the same issues that were on appeal to the Supreme Court. The issues discussed in this decision conclude whether the trial court erred in granting the defendant’s Motion to Rescind, not whether the class was qualified for certification. While this court may rely on the previous discussion of the Supreme Court, we are not barred from deciding this matter. Ultimately the [ «¡outcome may have the same effect, however, the issues presented differ from those already decided.
LSA-R.S. 13:4232 provides the exceptions to the general rule of res judicata. A judgment does not bar another action by the plaintiff: (1) When exceptional circumstances justify relief from the res judicata effect of the judgment; (2) When the judgment dismissed the first action without prejudice; or (3) When the judgment reserved the right of the plaintiff to bring another action. The Supreme Court judgment dismissed plaintiffs class action without prejudice and reserved the plaintiffs right to bring another action. Therefore, this appeal is governed by the two exceptions to res judicata under LSA R.S. 13:4232 A(2) and (3). Appellees claim of res judicata is without merit.
DECREE
For the reasons stated above this Court reverses the judgment of the district court. The matter is remand for further proceedings not inconsistent with this decree.

REVERSED AND REMANDED

ARMSTRONG, J., concurs with reasons.