SUSAN M. CHEHARDY, Judge.
| yin this workers’ compensation suit, the employer appeals the judgment finding that the employee met his burden of proving a work-related accident and that the employee had not made fraudulent statements in order to obtain benefits. The employee answered the appeal seeking attorney fees and costs. For the following reasons, we affirm the workers’ compensation judge’s ruling.

*9
Facts

Darryl Porter(“Porter”) was employed by Pellerin Construction Company (“Pelle-rin”) as a carpenter’s helper. On June 30, 2002, Porter fell backward from a ladder and injured his lower back. On July 26, 2002, Porter sought medical treatment for “left hip pain.” On November 21, 2002, Porter sought medical treatment for “left buttock and hip cramping.”
Subsequently, Porter contacted his employer, Pellerin Construction Company and its workers’ compensation insurance carrier, Gray Insurance Company,(hereinafter “defendants”) to request medical treatment for his lower back pain. Defendants began paying workers’ compensation benefits, including | smedieal and indemnity benefits, to Porter.[1] As part of Porter’s benefits, defendants also reimbursed Porter for mileage driven to and from his doctors’ appointments.
Defendants paid weekly indemnity and medical benefits to Porter from the “end of his employment” until May 17, 2004. Defendants terminated all benefits on May 17, 2004 on the basis that Porter had intentionally misrepresented his mileage for the purpose of obtaining additional compensation benefits.[2]

Procedural History

On June 3, 2004, Porter filed a disputed claim for workers’ compensation alleging that defendants terminated his benefits due to an unintentional discrepancy of mileage and dates. Porter subsequently filed a supplemental claim alleging that defendants acted arbitrarily and capriciously in terminating his benefits.
On June 7, 2004, Defendants filed a disputed claim for workers’ compensation alleging that Porter willfully made false statements and misrepresentations to obtain workers’ compensation benefits and requested a forfeiture of workers’ compensation benefits under La. R.S. 23:1208. On July 19, 2004, the claims were consolidated for trial.
On May 16, 2006, trial was held and the matter was taken under advisement. On June 30, 2006, the workers’ compensation judge ruled that Porter suffered a compen-sable injury on June 30, 2002; that Porter was entitled to payment of weekly indemnity benefits of $320.00 from June 30, 2002 and continuing; and that Porter was entitled to payment of temporary total disability benefits, including all medical expenses, medication expenses and transportation expenses for said injury. The judge further ruled that defendants had failed to reasonably controvert Porter’s entitlement to said benefits and were arbitrary and capricious in their termination |4of wage and medical benefits. The judge assessed defendants penalties of $5000.00, and attorney fees of $5000.00.
Defendants appealed. Porter answered the appeal.
On appeal, defendants assign three errors: the workers’ compensation judge erred in refusing to apply La. R.S. 23:1208, where the claimant admits that he submitted incorrect mileage expenses for medical travel; the workers’ compensation judge erred in finding that defendants had been arbitrary and capricious in terminating benefits and awarding penalties and attorney fees; the workers’ compensation judge erred in awarding excessive penalties. In his answer, Porter does not assign error but rather seeks attorney fees and costs.

*10
Analysis

In their first assignment of error, defendants argue that the workers’ compensation judge erred in failing to find that Porter committed fraud by willfully misrepresenting the total mileage for medical travel for the purpose of obtaining workers’ compensation benefits and erred in failing to declare Porter’s entire claim for workers’ compensation benefits forfeited under La. R.S. 28:1208. Defendants specifically contend that the workers’ compensation judge erred in failing to find Porter committed fraud by willfully misrepresenting his total mileage costs based on the evidence presented at trial.
La. R.S. 23:1208 states in part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
[[Image here]]
|,Jn order to establish that a claimant has forfeited his right to workers’ compensation benefits under La. R.S. 23:1208, the employer must show: 1) the claimant made a false statement or misrepresentation; 2) it was willfully made; and 3) it was made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, 12. A workers’ compensation claimant’s willful misrepresentations regarding mileage reimbursement subject him to the forfeiture of his workers’ compensation benefits. St. Bernard Parish Police Jury v. Duplessis, 02-632 (La.12/4/02), 831 So.2d 955, 960.
At trial, defendants introduced depositions from Bryan Thompson, the claims adjuster, and David Jenks, the supervisor and subsequent claims adjuster assigned to Porter’s case. Thompson stated that he reviewed Porter’s mileage reimbursement requests and noticed improprieties. He noted that the mileage reimbursement requests reflected trips of 21 or 22 miles from Porter’s house in Metairie to his doctors in Metairie. Thompson investigated the distances and found that each request was roughly twice the actual mileage. When Porter was notified of the discrepancies, he stated that he thought he might have submitted mileage for an appointment that he did not attend but he was not aware that his mileage estimates were inaccurate.
Porter testified that his mileage was inaccurate because he had used estimates from a log originally prepared by his sister, who took him to his doctors immediately after his injury. Geraldine Thompson, Porter’s sister, testified that she prepared Porter’s first mileage reimbursement request, calculating the mileage from her house in Destrehan to her brother’s house then to the doctor’s offices and back to her brother’s house. She stated that she had taken her brother to his appointments after his injury because he did not have a car at that time. Porter | (¡testified that, when he began driving himself to his appointments, he did not read the mileage on the car’s odometer, because it was broken.
In her ruling, the workers’ compensation judge found that the defendants failed to reasonably controvert the claimant’s entitlement to workers’ compensation *11 benefits. The determination of whether or not a workers’ compensation claimant has forfeited his right to benefits by making a false statement or representation for the purpose of obtaining benefits involves inherently factual determinations and, thus appellate review of the workers’ compensation judge’s findings is governed by the manifest error standard. Distefano v. B & P Const., Inc., 04-0025 (La.App. 5 Cir. 5/26/04), 874 So.2d 407, 412.
 Factual findings in workers’ compensation cases may not be set aside by an appellate court unless they are manifestly erroneous or clearly wrong. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375, 380. When factual findings are based on determinations of credibility of the witnesses, the trier of fact’s findings are entitled to great deference, because only the fact finder can be aware of the variations in demeanor and tone of voice that bear heavily on the listener’s understanding and belief in what is said. Lirette v. State Farm, Insurance Company, 563 So.2d 850, 852 (La.1990).
At trial, the testimony and evidence revealed that Porter submitted inaccurate claims for mileage reimbursement. Porter offered an explanation for these discrepancies, which the workers’ compensation judge found was credible. The workers’ compensation judge apparently concluded that Porter’s omissions were not willful misrepresentations designed to secure workers’ compensation payments and, thus, forfeiture of benefits was not required. Considering the |7testimony and evidence in this matter, we find no error in that ruling and affirm the judgment of the workers’ compensation judge.
Next, defendants argue that the workers’ compensation judge erred in awarding penalties and attorney fees. It is well settled that a workers’ compensation claimant’s entitlement to benefits is governed by the law in effect at the time of the injury-causing accident. Daugherty v. Domino’s Pizza, 95-1394 (La.5/21/96), 674 So.2d 947, 950, n. 4, citing Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 738. In this case, Porter was injured on June 30, 2002.
At the time of Porter’s accident, La. R.S. 23:1201(F) read, in pertinent part, as follows:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
[[Image here]]
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
[[Image here]]
In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base the denial of benefits. Brown v. Texas-La Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890; Barbarin v. TLC Home Health, 02-1054 (La.App. 5 Cir. 4/29/03), 845 So.2d 1199, 1206. The question is whether the defendant “engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter *12 the factual and medical information presented by the claimant throughout the time which they refused to |spay all or part of the benefits allegedly owed.” Brown, 721 So.2d at 890; Barbarin, 845 So.2d at 1206.
Further, La. R.S. 23:1201.2., which was later repealed by Acts 2003, No. 1204, effective August 15, 2003, read as follows:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
The assessment of penalties and attorney fees by the workers’ compensation judge is a factual question which is not to be disturbed on appeal in the absence of manifest error. Barbarin, 845 So.2d at 1206. Awards of penalties and attorney fees in workers’ compensation cases are penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. See Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. Although the Workers’ Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 46.
Defendants argue that the workers’ compensation judge erred in awarding penalties and attorney fees, considering that it terminated Mr. Porter’s benefits after learning of his misstatements in his mileage reimbursement requests. However, we note that David Jenks, a claims adjuster and supervisor for Gray, stated, in his deposition, that he would not have terminated all benefits but rather he would have reduced Mr. Porter’s future mileage reimbursements to account for the discrepancy. After reviewing the record, we cannot say that defendants proved that their actions were reasonable and further find that defendants’ actions were not | warranted under these facts. Thus, we find that the workers’ compensation judge did not commit manifest error in her factual finding that defendants were arbitrary and capricious in terminating Porter’s benefits.
As previously noted, the assessment of penalties and attorney fees by the workers’ compensation judge is a factual question which is not to be disturbed on appeal in the absence of manifest error. Barbarin, 845 So.2d at 1206. Here, the workers’ compensation judge assessed a penalty of $5,000.00, and attorney fees of $5,000.00. We find no abuse in her vast discretion.
Finally, Mr. Porter filed an answer with this Court requesting an increase in attorney fees for the defense of the instant appeal and re-urged his claim in his opposition brief. This court has the inherent authority to review the reasonableness of any attorney fee award. Gravolet v. Board of Commissioners for the Grand Prairie Levee District, 95-2477 (La.App. 4 Cir. 6/12/96), 676 So.2d 199, 206, citing State Dept. of Transp. and Development v. Williamson, 597 So.2d 439 (La.1992). In this case, we decline an award of additional attorney fees.

Conclusion

In sum, we affirm the workers’ compensation judge’s finding that defendants failed to reasonably controvert Porter’s entitlement to workers’ compensation bene *13 fits. Further, we affirm the judge’s finding that defendants were arbitrary in their refusal to pay weekly indemnity and medical benefits. Accordingly, the penalty award of $5,000.00 and the attorney fee award of $5,000.00 are affirmed. Costs of this appeal are to be borne by defendants/appellants, Pellerin Construction Company and Gray Insurance Company.

AFFIRMED.

GUIDRY, J., concurs with reasons.

. According to the record, Gray paid medical benefits for Porter that covered two lower back surgeries, which were necessitated by his injury.

. According to the parties, after their disputed claims were set for trial, Gray agreed to pay benefits from May 27, 2005 until August 8, 2005.