MARION F. EDWARDS, Judge.
 

 The present suit is a proposed class action by current and former employees of Avondale Industries, Inc. (“Avondale” [now operating as Northrop Grumman Ship Systems, Inc.]), who allege they were exposed to asbestos while employed at Avondale but who have not been diagnosed with an asbestos-related disease.
 

 Named plaintiffs/appellants are former Avondale employees, Robert Andrew Bourgeois, Phil Carl Robicheaux, and Dominick Danna (hereinafter collectively “employees”). The employees state that, as a result of this alleged significant exposure to asbestos, they now need regular medical examinations for the early detection and treatment of possible latent asbestos-related diseases and seek the establishment of a judicially administered fund for the costs of medical monitoring.
 

 The case has a long procedural history, which, for purposes of this appeal, we restrict to the pertinent facts.
 

 Beginning in January 1996, when suit was originally filed, the petition attempted to define the class as all- employees employed “since the early 1940’s who had suffered probable exposure to the asbestos products but not diagnosed with an asbestos related disease, and were in need of medical monitoring.” In January 1999, the employees -filed a motion for summary class certification, which was ultimately denied by the trial court in 2004. We affirmed this judgment on appeal.
 
 [1]
 
 At that time, we discussed the testimony at the certification hearing-and stated:
 

 The trial court discussed Mr. Joyce’s testimony that each plaintiff would need to prove “significant exposure,” which
 
 *656
 
 may require different evidence from each plaintiff of when and where he or she worked; further, the specific time of employment may be necessary to determine what a “significant exposure” was at the time of plaintiffs employment, as the permissible levels changed over the years.
 

 The testimony in the case before us revealed that each facility at Avondale used different asbestos containing products, which different third-party defendants used or provided, at different times. Avondale is a dynamic company with several different facilities that contain warehouses, several shops of sheet metal and other materials, loading docks, offices, many ships that are work-sites, and several different shipbuilding yards. The job description of each employee would need to be examined to discover which products he or she may have been exposed to and if the exposure could be labeled “significant”, so to necessitate medical monitoring. Further, the different time periods of employment will determine which possible remedy applies for each employee and may affect the liability of each defendant. Moreover, other factors may become relevant and affect the liability issues, such as a history of cigarette smoking and past similar employment.
 

 The trial judge found that Plaintiffs failed to meet the requirements for class certification and determined that the class action procedure was not superior to other adjudicatory methods. Applying the factors set forth in La. C.C.P. articles 591-592 and Federal Rule 23 and the jurisprudence interpreting our state articles and the federal rule, we find that, as the class is presently defined, the trial judge did not abuse his discretion in denying Plaintiffs’ Motion for Summary Class Certification. Decertification will not keep these plaintiffs out of court because individual actions, consolidated actions, or a series of more specifically defined class actions are still available.
 
 [2]
 

 After that judgment became final, the employees filed a fourth supplemental and amending petition, redefining the proposed class as “[a]ll persons who were ^exposed to respirable asbestos fibers while working at Avondale Shipyards Main Yard between and including 1952 and 1976 such that periodic medical monitoring is medically advisable.”
 

 Avondale filed an Exception of Res Judi-cata. After oral argument, the trial court granted the exception. This appeal followed.
 

 The employees urge on appeal that the court erred because “the clear tenor of [our] earlier opinion is that the class action device is still available to Plaintiffs.” The employees aver that we expressly stated in three places that they may redefine the proposed class to several smaller, more narrowly and specifically defined classes to overcome identified deficiencies, and, accordingly, the doctrine of res judicata does not bar consideration of whether the class could be redefined.
 

 The issue before us is not whether the trial court should have certified the class following the Fourth Supplemental and Amending Petition but, rather, whether the trial court erred in granting the exception of res judicata.
 

 La. R.S. 13:4231, in part, states:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 
 *657
 
 [[Image here]]
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 | RThe doctrine of res judicata is stricti juris, and any doubt concerning application of the principle of res judicata must be resolved against its application.
 
 [3]
 

 In the present case, the trial court judgment of 2004 denying class certification was granted without prejudice and was affirmed by this Court. The Louisiana Supreme Court has previously considered the question of options available to plaintiffs after a particular, larger class has not been granted certification.
 
 [4]
 
 In
 
 Ford,
 
 the court found that the district court had erred in granting class certification and dismissed the class action, stating “decertification will not keep these plaintiffs out of court as individual actions, consolidated actions, or perhaps a more limited class action.” On rehearing, the supreme court remanded the case to the trial court for consideration of whether to permit amendment of the pleadings as an ordinary proceeding.
 
 [5]
 
 Following that remand, the district court allowed the plaintiffs to file a seventh supplemental and amending petition alleging a cause of action in a class action against only one defendant, Murphy. Murphy was successful in having the order rescinded, and the plaintiffs appealed. In reversing the trial court, the Fourth Circuit determined that the amending petition had narrowed the constituency of the class of plaintiffs and narrowed the defendants to include only one.
 
 [6]
 
 The appellate court found that this amendment comported with the directive of the Louisiana Supreme Court and reversed the trial court.
 

 The situation is similar in the present matter. In our earlier opinion, we discussed the finding of the trial court that the commonality requirement had not been met and stated, “The trial judge agreed that the specific job and location of each employee is important. Redefinition of the proposed class to several smaller, more specifically defined classes may address this issue.”
 
 [7]
 
 Later, in agreeing with the trial court’s finding that the definition requirement was not satisfied by the proposed class, we said, “Again, multiple classes more narrowly and specifically defined may overcome this issue.”
 
 [8]
 
 Finally, as we quoted above, we stated: “Decertification will not keep these plaintiffs out of court because individual actions, consolidated actions, or a series of more specifically defined class actions are still available.”
 
 [9]
 

 
 *658
 
 On review, we find the amended petition narrows the class of plaintiffs to those who worked in Avondale’s Main Yard and that these limitations are in accord with the language in our earlier opinion.
 

 In addition, according to La. R.S. 18:4282:
 

 A. A judgment does not bar another action by the plaintiff:
 

 (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
 

 (2) When the judgment dismissed the first action without prejudice; or,
 

 (3) When the judgment reserved the right of the plaintiff to bring another action.
 

 Here, we note that neither the district court nor this Court dismissed the first attempt at class certification with prejudice. Therefore, the judgment in this case is comes under the exception in La. R.S. 13:4232(A)(2).
 

 For the foregoing reasons, we reverse the judgment of the trial court granting the exception of res judicata and remand for further proceedings.
 

 REVERSED AND REMANDED.
 

 [1]
 

 .
 
 Bourgeois v. A.P. Green Indus., Inc.,
 
 06-87 (La.App. 5 Cir. 7/28/06), 939 So.2d 478,
 
 writ denied,
 
 06-2159 (La. 12/8/06), 943 So.2d 1095.
 

 [2]
 

 .
 
 Id.
 
 at 492-93.
 

 [3]
 

 .
 
 Kelty v. Brumfield,
 
 93-1142 (La.2/25/94), 633 So.2d 1210;
 
 Hines v. Smith,
 
 44,285 (La. App. 2 Cir. 8/12/09), 16 So.3d 1234.
 

 [4]
 

 .
 
 See, Ford v. Murphy Oil U.S.A., Inc.,
 
 96-2917 (La.9/9/97), 703 So.2d 542.
 

 [5]
 

 .
 
 Ford v. Murphy Oil U.S.A., Inc.,
 
 96-2913 (La. 10/10/97), 710 So.2d 235.
 

 [6]
 

 .
 
 Ford v. Murphy Oil U.S.A., Inc.,
 
 00-0772 (La.App. 4 Cir. 8/15/01), 795 So.2d 419,
 
 writ denied,
 
 01-C-2554 (La.12/7/01), 803 So.2d 976.
 

 [7]
 

 .
 
 Bourgeois v. A.P. Green,
 
 939 So.2d at 491.
 

 [8]
 

 .
 
 Id.
 
 at 492.
 

 [9]
 

 .
 
 Id.
 
 at 493.