WALTER J. ROTHSCHILD, Judge.
 

 |2In this workers’ compensation case, Melvina Kelly appeals from a ruling denying her claim for supplemental earnings benefits. We affirm.
 

 On October 24, 2008, claimant filed this Disputed Claim for Compensation against her employer, T.J. Maxx, alleging she sustained a work-related injury on December 2, 2007 when she fell off a ladder while retrieving merchandise. In this claim, she disputed the calculation of the workers’ compensation rate, and she alleged defendant refused to pay for prescription costs incurred as a result of her injury. Defendants, TJX Companies, Inc. and Zurich American Insurance Company, answered the claim, denying all allegations. Defendants did not dispute the occurrence of the accident, but they argued that claimant was not entitled to benefits.
 

 This matter was tried on May 13, 2010. The parties stipulated to claimant’s earnings at T.J. Maxx, as well as her earnings from a second job with the Jefferson Parish School Board. The parties also stipulated to claimant’s medical records.
 

 IsMelvina Kelly testified at trial that at the time of her accident, she was a full-time employee at T.J. Maxx earning $6-$7 per hour.
 
 [1]
 
 She described full-time employment as 29-80 hours per week, and stated that it included insurance and other benefits. On cross-examination, Ms. Kelly identified her “New Hire Report” indicating her scheduled work was 25 hours per week when she was initially hired.
 

 Ms. Kelly stated she continues to work at T.J. Maxx, but only works two days per week at an hourly wage of $10.10, making her ineligible for insurance benefits. Ms. Kelly also testified that she worked for the Jefferson Parish School Board as an assistant with handicapped students, but that her insurance benefits were with T.J. Maxx because it was less expensive.
 

 Ms. Kelly testified that after the accident, she received workers’ compensation benefits from T.J. Maxx’s insurer in the amount of $1,399.66 through May 11, 2008. She stated that she sought medical treatment after the accident, and was informed she has two herniated discs in her back and it was recommended she undergo surgery and pain management. She testified that she was planning to seek pain management, but did not plan to have surgery.
 

 Following trial, the parties submitted post-trial memoranda, and the workers’ compensation judge issued a ruling on August 10, 2010 finding that claimant was injured in a work-related accident, that she was a part-time employee earning hourly wages of $10.10 per hour, and that claimant failed to meet her burden of proving she was entitled to supplemental earnings benefits.
 

 By this appeal, claimant contends the workers’ compensation judge |4erred in finding her to be a part-time employee and erred in finding she was not entitled to supplemental earnings benefits. She contends that her earnings from both jobs should have been computed as her pre-injury average monthly wage.
 

 Supplemental earnings benefits are governed by La. R.S. 23:1221(3), which provides in pertinent part:
 

 
 *645
 
 For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his “wages” by fifty-two and then dividing the quotient by twelve.
 

 The purpose of this statute is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840 (La.7/1/97), 696 So.2d 551, 556. An employee is entitled to receive supplemental earnings benefits if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La. R.S. 23:1221(8)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case.
 
 Banks, supra
 
 at 556.
 

 | B“In determining if an injured employee has made out a prima facie case of entitlement to supplemental earnings benefits, the trial court may and should take into account all those factors which might bear on an employee’s ability to earn a wage.”
 
 Daigle v. Sherwin-Williams Co.,
 
 545 So.2d 1005, 1009 (La.1989). It is only when the employee overcomes this initial step that the burden shifts to the employer to prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employee’s community or reasonable geographic location. La. R.S. 23:1221(3)(c)(i);
 
 Banks,
 
 supra at 556;
 
 Daigle, supra
 
 at 1009.
 

 The analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers’ compensation is to be liberally construed in favor of coverage.
 
 Daigle, supra
 
 at 1007. Further, factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review.
 
 Smith v. Louisiana Dept. of Corrections,
 
 93-1305 (La.2/28/94), 633 So.2d 129, 132;
 
 Freeman v. Poulan/Weed Eater,
 
 93-1530 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one.
 
 Freeman, supra
 
 at 737-38.
 
 See also, Poissenot v. St. Bernard Parish Sheriff’s Office,
 
 09-2793 (La.01/09/11), 56 So.3d 170.
 

 In the present case, the evidence presented on claimant’s entitlement to benefits is limited. Claimant testified at trial that she is unable to work as many hours at T.J. Maxx, but she failed to testify that this was due to her 1 (¡work-related accident. She stated she only missed a few weeks of work after the accident. She testified she was released to light duty and started working in the fitting room after the accident for two days each week, because that
 
 *646
 
 is all defendants will give her. She did not testify that she has sought other employment but has been limited by her work-related injury.
 

 Significantly, the evidence submitted by claimant regarding her earnings at the time of and following the accident do not support her claim for benefits. The records of her earnings at T.J. Maxx indicate that in the year prior to the accident, claimant worked a variety of weekly hours, and this continued after the accident. The record indicates that although her earnings at T.J. Maxx varied during 2008, she was earning more at the time of trial than she was earning prior to her accident. Further, payroll records from the Jefferson Parish School Board indicated that her earnings increased from 2007-2009, except for one month in 2008.
 
 [2]
 

 A review of all the evidence presented at trial fails to show that claimant was unable to earn 90% percent or more of her pre-injury average weekly wage. Further, claimant failed to show that any variations in her employment schedule were due to the work-related injury. Thus, the finding of the workers’ compensation judge that claimant failed to meet her burden of proving entitlement to supplemental earnings benefits is reasonable. As claimant failed to make a prima facie case that her work-related injury rendered her incapable of earning 90% of her pre-injury wages, the burden did not shift to defendants to prove she was capable of other employment. We therefore find no basis to disturb the ruling of the workers’ compensation judge. Further, based on our finding herein that claimant is |7not entitled to supplemental earnings benefits, we need not reach the issue of whether the workers’ compensation judge erred in finding claimant to be a part-time employee.
 

 Accordingly, the ruling of the workers’ compensation judgment denying supplemental earnings benefits is hereby affirmed.
 

 AFFIRMED
 

 [1]
 

 . The evidence in the record indicates she was actually earning approximately $9.24 per hour prior to her accident.
 

 [2]
 

 . The cause of this monthly earnings decrease is not explained in the record.